IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EFFORT ALEXANDER**                                                                       **PLAINTIFF**

v.                                        **CIVIL ACTION NO.: 3:16CV190-MPM-RP**

**JERRY MCADAMS and**
**GRANDVIEW LAKES ASSOCIATION, INC.**                           **DEFENDANTS**

## ORDER DENYING MOTION TO DISQUALIFY COUNSEL

Plaintiff has moved to disqualify Wesley Hisaw and his law firm, Holland Law, P.C., from the representation of Jerry McAdams and Grandview Lakes Association, Inc. Docket 33. Plaintiff argues that Mr. Hisaw and Holland Law, P.C. have a conflict of interest in that Jim Holland, also of Holland Law, P.C., represented plaintiff in litigation in the Circuit Court of Desoto County, Mississippi concerning property which is at issue in another lawsuit plaintiff currently has pending in this district. Docket 33, p. 1. He alleges that Holland Law, P.C. "obtained information for the Plaintiff that serves, as now hired and representing the defendants in this cause." Docket 33, p. 2. Plaintiff further asserts that Mr. Hisaw's presence in open court at the Case Management Conference in another case filed by Mr. Alexander and discussion of the litigation with defense counsel in that case "create[s] an appearance [of] impropriety so obviously and so staggering in their corrupt potential, that this Court must use its power to protect the integrity of the system . . ." Docket 33, p. 3. Plaintiff argues that the two cases currently pending in the Northern District of Mississippi "have many similarities that serves to unjustly advantage defense counsel's efforts at litigating the Plaintiff's current case." Docket 33, p. 2.

In response, defendants advise that the previous representation of plaintiff by Jim Holland

1

occurred sixteen years ago and "involved a private dispute with a construction company in the Twin Lakes subdivision concerning alleged damages to lakes owned by the Plaintiff." Docket 35, p. 3. According to defendants, the current litigation concerns water coming from a lake in the Hills View subdivision and the two cases have "absolutely nothing to do with each other." *Id.* According to defendants, Mr. Hisaw has "no information that would be confidential that could be used in this action." Defendants' response further notes that "except for information that is on public record there is actually no information on the plaintiff at all currently." *Id.* at 4. Additionally, defendants assert that if any conflict actually existed with the representation of defendants by either Mr. Hisaw or Holland Law, P.C., plaintiff waived it by failing to raise the conflict before the answer, amended complaint, motion to dismiss and response, initial disclosures, discovery and other documents were filed. Docket 35, p. 4.

The Fifth Circuit has articulated a two part test for disqualification of an attorney based upon successive representations. *Johnston v. Harris County Flood Control District*, 869 F.2d 1565, 1569 (5th Cir. 1989), cert. denied, 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed. 2d 738 (1990). The *Johnston* Court held "[a] party seeking to disqualify opposing counsel on the ground of a former representation must establish two elements: 1.) An actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and 2.) A substantial relationship between the subject matter of the former and present representations." While plaintiff has established that he and Jim Holland, one of Mr. Hisaw's co-workers, did have an attorney-client relationship, plaintiff has failed to establish the second prong of the test–that a substantial relationship exists between the prior litigation concerning a dispute with a construction company in the Twin Lakes subdivision and the current litigation concerning water

from a lake in the Hills View subdivision. Based upon the motion filed by plaintiff and the response filed by defense counsel, it appears Mr. Hisaw does not possess any confidential information obtained by Jim Holland in the previous litigation that Mr. Hisaw could utilize against plaintiff in the present litigation. Plaintiff's motion to disqualify is therefore DENIED.

The Mississippi Supreme Court has held that "[i]n cases involving successive representations, a party is required to move for his former lawyer to be disqualified as soon as he is aware of the conflict, provided the motion for disqualification or the granting thereof would not place the former client at an unfair disadvantage." *Williams v. Bell*, 793, So. 2d 609, 613 (Miss. 2001); citing *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1217 (Miss. 1996). The *Wilbourn* Court further noted that "[t]he client cannot hold the right in reserve for tactical purposes until it would be most helpful to his position. Failure to move for disqualification at the earliest practical opportunity will constitute a waiver." 687 So.2d at 1217. Plaintiff certainly knew from the first pleading filed by Mr. Hisaw that he was employed by Holland Law, P.C. and chose not to raise it at that point or at the Case Management Conference when it could be addressed on the record, but instead elected to file a motion to disqualify months into the litigation. As such, even if plaintiff could satisfy the two part test for disqualification of an attorney based upon prior representation, the failure to move for disqualification constitutes a waiver.

The court has considered plaintiff's concern that defense counsel was improperly allowed to attend the Case Management Conference and that communications between defense counsel were improper. The court routinely sets matters back to back that involve the same parties or lawyers for the benefit of the individuals attending the conferences. Before filing his subsequent

motion to disqualify counsel, plaintiff raised no objection to the settings of the Case Management Conferences or to the presence of other counsel in the courtroom during the conferences. Plaintiff's assertion that defense counsel should not have been present in open court during the other Case Management Conference or should not have conversed with counsel in that case is insufficient to support a motion to disqualify counsel.

By separate motion, plaintiff also seeks to stay this case until the Motion to Disqualify Counsel is decided. Docket 37. Because the Motion to Disqualify has been decided, plaintiff's Motion to Stay is DENIED AS MOOT.

**SO ORDERED**, this, the 13th day of December, 2016.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE