IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EFFORT ALEXANDER**                                                                           **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO.: 3:16CV190-MPM-RP**

**JERRY MCADAMS and**
**GRANDVIEW LAKES ASSOCIATION, INC.**                            **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO RECUSE

Plaintiff has filed a Motion for relief from the Court's Order denying plaintiff's request to disqualify defense counsel and to stay the case. Docket 42. Plaintiff's motion seeks relief under Federal Rule of Civil Procedure 60(b) asserting that "fraud on the court" has occurred and requests that the Order Denying the Motion to Disqualify should be reversed and the case be reassigned to another Magistrate Judge. *Id.* at 42. Specifically, plaintiff alleges that "[d]efendants have misrepresented to the court there is no confidential information of Plaintiff with Mr. Hisaw or Holland Law, P.C. Judge Percy, has been biased in this case." *Id.* at 10.

Federal Rule of Civil Procedure 60(b) dictates that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

1

(6) any other reason that justifies relief.

Plaintiff alleges that because there has been a fraud on the court, he is entitled to relief from Order #41 pursuant to Rule 60(b)(3). The United States Court of Appeals for the Fifth Circuit has held that "[a] party making a Rule 60(b)(3) motion must establish: (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp, Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). The Court further noted that the moving party has the burden "of proving the misconduct by clear and convincing evidence" and specified that "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id.* citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1979).

While the plaintiff has made the allegation that "[d]efendants have misrepresented to the court there is no confidential information of Plaintiff with Mr. Hisaw or Holland Law, P.C.," plaintiff has failed to prove any such misconduct by clear and convincing evidence. Additionally, plaintiff has not demonstrated that any alleged misconduct has prevented him from fully and fairly presenting his case. It appears simply that plaintiff disagrees with the ruling on his Motion to Disqualify and believes that he should have received a different ruling. Plaintiff has not provided evidence that the ruling on the Motion to Disqualify was obtained unfairly or as the result of fraud, rather he appears to be claiming that the ruling was factually incorrect. Therefore, plaintiff's motion for relief from Order #41 pursuant to Rule 60(b) is DENIED.

In addition to seeking relief from Order #41, plaintiff requests that his case be reassigned to another Magistrate Judge. Docket 42, p. 6. Plaintiff suggests that Judge Percy has demonstrated an unjustifiable "biasness" against the plaintiff by continuing to preside over this

case while recusing himself from a separate case filed by Mr. Alexander in which Lee Thames is defense counsel. Plaintiff further alleges that Judge Percy should recuse himself because he improperly ordered that Mr. Hisaw may continue to represent defendants in this case. In support of the recusal, the plaintiff asserts that Judge Percy's Order Denying the Motion to Disqualify Counsel and the explanation provided in the Order "shows biasness that defies logical and reasonable judges to regard the issues and clearly shows that the said order is in in [sic] favor of the Defendants' defense counsel Hisaw without considering the reasons and evidences produced by the Plaintiff in his Motion and Affidavit of Brenda Alexander." Docket 42, p. 2.

28 U.S.C. § 455 addresses disqualification of a magistrate judge and requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." It also requires a magistrate judge to recuse himself if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . ." Courts have interpreted Section 455(a) "to require recusal if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Payne v. University of Southern Mississippi*, 2013 WL 3967535 (S.D. Miss. Aug. 1, 2013); citing Sensley *v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004). In conducting this analysis, the reasonable person is presumed to be "well-informed, thoughtful and objective," as opposed to "hypersensitive, cynical, and suspicious...." *Id.* A motion seeking recusal under Section 455 is entrusted to the sound discretion of the judge. *Id.* at 598.

Judge Percy has no prior experience with any party in this case and has no personal relationship with defense counsel. He held case management conferences, on the record and in open court, both in this case and in a separate case filed by plaintiff against other defendants, at

times set back-to-back in an attempt to save plaintiff time traveling to and from court.  Following the case management conferences, Judge Percy realized he had a conflict in the other case filed by plaintiff and held a telephonic conference with plaintiff and defense counsel in that case to advise them he would be asking that the case be reassigned to another magistrate judge.  There was no mention of any possible recusal in this case during that teleconference or at any other time, as Judge Percy has no conflict or reason to believe that his impartiality might reasonably be questioned in this case, nor does he have any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.   Following the teleconference, plaintiff filed his motion to disqualify defense counsel in this case, and after considering all of the motions, briefs, exhibits and case law, Judge Percy denied the motion.  Only then did plaintiff file his motion claiming Judge Percy is biased and should himself – as well as defense counsel – be disqualified in this case.   Dissatisfaction with a ruling of the court is not a proper reason to request a recusal of the ruling judge.

Knowing all of the facts of this case and Judge Percy's assignment to manage the case, no reasonable person would question Judge Percy's impartiality in this matter.  Therefore, plaintiff's motion for Judge Percy to recuse himself and have the case reassigned to another magistrate judge is DENIED.

Plaintiff also seeks to stay this case until the Motion Under Rule 60(b) of the Federal Rules of Civil Procedure, to Move the Case and to Stay the Case Proceedings is decided.  Because the Motion has been decided, plaintiff's Motion to Stay is DENIED AS MOOT.

If plaintiff desires to appeal this or any order by a magistrate judge deciding a pretrial, non-dispositive matter, plaintiff may do so pursuant to Federal Rule of Civil Procedure 72 which

dictates that "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."

SO ORDERED, this, the 27th day of January, 2017.

                                             /s/ Roy Percy
                                            UNITED STATES MAGISTRATE JUDGE