IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EFFORT ALEXANDER**                                                                     **PLAINTIFF**

v.                                                **CIVIL ACTION NO.: 3:16CV190-MPM-RP**

**JERRY MCADAMS and
GRANDVIEW LAKES ASSOCIATION, INC.**                         **DEFENDANTS**

**ORDER DENYING DEFENDANTS' MOTION TO
STRIKE EXPERTS AND GRANTING MOTION FOR
EXTENSION OF EXPERT DESIGNATION DEADLINE**

Defendants seek to strike the designation of experts by plaintiff and to exclude opinion testimony of plaintiff's experts pursuant to Federal Rule of Civil Procedure 37(c)(1). Docket 66. In response, plaintiff seeks an extension of his expert designation deadline. Docket 70.

Plaintiff has not formally designated experts, but he did respond to discovery and identified three individuals by name and two unnamed individuals. Docket 66-1. However, plaintiff did not provide the information required by Federal Rule of Civil Procedure 26 for each of the identified experts.

For instance, plaintiff identified Mr. McKinley Alexander and stated that he is a retired economics professor and department head at Jackson State University. *Id.* He also noted the general types of information that Mr. Alexander's testimony would concern, but he did not provide (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming the opinions; (iii) any exhibits the witness will use to support his opinions; (iv) the witnesses qualifications other than being a retired professor and department head; (v) a list of other cases in which the witness has testified;

1

or a statement of the compensation the witness will be paid for the study and testimony in the case. Additionally, plaintiff did not provide a written report prepared by Mr. Alexander or any of the other experts identified.

The purpose of the mandatory disclosure requirement of Rule 26 is to ensure that the parties are not surprised by new witnesses, exhibits or other evidence on the eve of trial. Specifically, "[t]he purpose of Rule 26(a) is to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Guthrie v. Quitman County Hosp., LLC*, 2014 WL 8276240, *2 (N.D. Miss. Oct. 27, 2014); *citing Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008). Rule 26(a)(2) requires a party to disclose very particular information including, among other things, the identity of any expert witness it may use at trial and a written, signed report from the expert. In addition, Local Uniform Civil Rule 26(a)(2) requires that:

> [a] party must make full and complete [expert] disclosure as required by FED.R.CIV.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no later than the time specified in the case management order . . . . Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial. . . .
>
> (B) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court.

The Fifth Circuit, in *Barrett v. Atlantic Richfield Co.*, set out the following four factors that a district court must consider when determining whether to strike a witness:

> (1) the explanation, if any, for the party's failure to comply with the . . . order;
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
> (3) the possibility of curing such prejudice by granting a continuance; and

    (4) the importance of the witnesses' testimony.

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

  Plaintiff clearly has not complied with FED. R. CIV. P. 26(a)(2) in that he has not provided a report written and signed by any of his experts, nor has he provided the majority of the remaining Rule 26 information. Considering the first *Barrett* factor, plaintiff has provided very little explanation for his failure to properly designate his experts. He did state that he wishes to not be required to identify and properly designate the "[t]wo adult persons who will be unnamed at this point" as he asserts that "the Defendants, evidentially supported by historic encounters with the Defendants and revolving legal pursuits necessary to stop said problems and offenses incurred from these Defendants." Docket 68, p. 2. In other words, plaintiff does not want to have to identify these individuals "until an appearance and/or affidavit from them is presented during trial." *Id.* Further, plaintiff states that he "will inform Defendant the additional witnesses before the deadline of Disclosure fixed by the court of May 01, 2017." *Id.* It is clear that plaintiff does not understand the required standards for designating experts and identifying witnesses. Any witness, expert or not, must be properly identified during discovery. Plaintiff may not withhold the identity of any witness, expert or otherwise, until the time of trial. If any issues arise concerning harassment of witnesses by defendants, the court will address those issues if and when they occur. However, the plaintiff must still identify and provide to defendants all of the Rule 26(a)(1)(A) information for witnesses and the Rule 26(a)(2) information for experts. Additionally, plaintiff may not wait until the discovery deadline of May 1, 2017, to provide all of the Rule 26 expert information. Plaintiff's deadline to properly designate experts was February 1, 2017, as was clearly detailed in the Case Management Order in November, 2016. All expert

information identified by Rule 26 must have been provided to defendant by February 1, 2017. As such, plaintiff has not provided a sufficient explanation for failing to comply with the court's Case Management Order and this factor weighs in favor of striking the witnesses.

Turning to the second *Barrett* factor, the court considers the prejudice to defendants if the five expert witnessess are allowed to testify. Defendants would clearly be very prejudiced as they have not even been provided the identity of two of the witnesses and the information disclosed for the remaining three witnesses is minimal. The severe prejudice defendants would incur if the five experts were allowed to testify weighs in favor of striking the witnesses.

Allowing a continuance might decrease the prejudice if additional time would actually result in plaintiff properly designating the expert witnesses at issue. Plaintiff has requested an extension of time through February 24, 2017, to designate his experts. Docket 70. He has not designated them as of this date and based upon his motion for extension of time, it is clear that plaintiff does not anticipate designating all five of the expert witnesses pursuant to Rule 26. He believes that he has already properly designated the three expert witnesses that he identified by name. Docket 71, p. 3. Because there is sufficient time to extend plaintiff's designation of expert witnesses a brief period of time, the third *Barrett* factor weighs against striking the witnesses.

Last, the fourth *Barrett* factor requires the court to consider the necessity of these expert witnesses to plaintiff's case. Without even the identity of two of plaintiff's expert witnesses, it is impossible to evaluate the importance of their testimony. The remaining three expert witnesses are an economics professor that will testify to the loss suffered by plaintiff, an engineer that will testify to "flood water run and diversion to the Plaintiff's property", and a real estate agent to opine concerning the "negative impacts to efforts to market the Plaintiff property." Docket 66,

4

Exhibit 1. While it is difficult to truly evaluate the necessity of these three expert witnesses to plaintiff's case because the designation of the witnesses is so bare, it does appear that these witnesses may assist plaintiff in establishing damages at trial. Therefore, the fourth *Barrett* factor weighs against striking plaintiff's expert witnesses at this time.

Considering the four *Barrett* factors and the fact that plaintiff is pro se, the court concludes that an extension of the expert designation deadlines for both parties is proper. Defendants' Motion to Strike is DENIED. Plaintiff must fully and completely designate his experts in compliance with Federal Rule of Civil Procedure 26 no later than March 15, 2017. Defendants must designate their experts by April 15, 2017. The discovery deadline will remain May 1, 2017.

Plaintiff has been given greater leeway in this action than is ordinarily afforded to parties represented by counsel and the court has warned plaintiff on multiple occasions that he must familiarize himself with the rules of court. The plaintiff is being given a second opportunity to comply with the rules for designating experts, but this is the last time the court will extend this courtesy to plaintiff. If plaintiff does not properly designate his expert witnesses in compliance with every portion of Rule 26 and does not properly identify his non-expert witnesses in compliance with Rule 26, his witnesses will be stricken and will not be allowed to testify at trial.

SO ORDERED, this, the 1st day of March, 2017.

 /s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE